FILED
ENTERED
COUNSEL PARTIES OF RECORD

OCT - 8 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

DOUGLAS BURKEYBILE,

    Plaintiff,    3:10-CV-00187-LRH-RAM

vs

            ORDER

ZACH YOUNG, et al.,

    Defendants.

  This is a civil rights action brought *pro se* by Douglas Burkeybile, a prisoner at the Lovelock Correctional Center in Lovelock, Nevada.

  Plaintiff has been granted leave to proceed *in forma pauperis*, and has paid the required filing fee in full (*see* docket #8, #11). Plaintiff's Complaint (received April 5, 2010) shall now be filed and docketed.

  The Court finds, however, that plaintiff's Complaint fails, as a matter of law, to state a claim upon which the requested relief may be granted, as the claims raised and relief requested sound in habeas corpus rather than claims reviewable under 42 U.S.C. § 1983.

  Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

1

1      Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir.1 996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990).

     All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

     "When a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477,487 (1994).

     Plaintiff's claims attack the criminal proceedings and the performance of his counsel in those proceedings. Because success on the claims of this complaint would implicate the validity of his criminal conviction and sentence and, because plaintiff's request for relief is for money damages and an order vacating the conviction, this civil rights complaint shall be dismissed.

     Plaintiff has also filed various other motions. The court will grant plaintiff's motion for cessation of installment payments (docket #16) and will direct the prison to cease deductions from his prison account. The other motions, including a motion to compel the release of documents (docket #14), the motion to subpoena records (docket #17, and the motion for deposition (docket #18) shall be denied

without prejudice. Should the matter proceed to service and into discovery, plaintiff may renew his discovery motions.

**IT IS THEREFORE ORDERED** that the Clerk shall **FILE AND DOCKET** plaintiff's Complaint (docket 1-2) which is **DISMISSED WITH PREJUDICE**. Any appeal of this order will have been taken in bad faith.

**IT IS FURTHER ORDERED** that plaintiff's motion for cessation of payments (docket #16) is **GRANTED. The Clerk shall send a copy of this order to Albert G. Peralta, Chief of Inmate Services, Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702,** who is directed to stop further collection of filing fees, in this action only, from plaintiff Douglas Burkeybile (Inmate number 79271). This order shall not affect collection on other orders in other actions, if such exist.

**IT IS FURTHER ORDERED** all other pending motions (dockets #14, #17, and #18) are **DENIED.** The Clerk shall enter judgment accordingly.

Dated this 7th day of October, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3